UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH CAPACCIO,
J-CAP CONTRACTORS, LLC,                                    **DECISION**
                                                                                   **and**
                                        Plaintiffs,                       **ORDER**

              v.                                                        **23-CV-540-JLS(F)**

DAVE ZAFUTO, Individually and in his Capacity
as Board Member for the City of Buffalo Construction
and Home Improvement Board,
PATRICK SOLE, Individually and in his Capacity
as Board Member for the City of Buffalo Construction
and Home Improvement Board,
VINCENT FERRARCCIO, Individually and in his Capacity
as Board Member for the City of Buffalo Construction
and Home Improvement Board,
JOSEPH ZAPPIA, Individually and in his Capacity
as Board Member for the City of Buffalo Construction
and Home Improvement Board,
JUDY PORTO-FIORELLA, Individually and in her Capacity
as Senior Account Clerk for the City of Buffalo Permits
& Inspection Services,
THE CITY OF BUFFALO,
JOHN DOE, Individually and in his/her capacity as an
Employee for the City of Buffalo,

                                        Defendants.
_____

APPEARANCES:              RUPP PFALZGRAF LLC
                                      Attorneys for Plaintiffs
                                      CHAD A. DAVENPORT,
                                      MATTHEW E. GABALSKI,
                                      R. ANTHONY RUPP, III, of Counsel
                                      1600 Liberty Building
                                      424 Main Street
                                      Buffalo, New York   14202

                                      CAVETTE A. CHAMBERS
                                      CORPORATION COUNSEL
                                      CITY OF BUFFALO
                                      Attorney for Defendants
                                      ROBERT E. QUINN,

Deputy Corporation Counsel, of Counsel
65 Niagara Square
1103 City Hall
Buffalo, New York   14202

In this § 1983 action, Plaintiffs seek compensatory and punitive damages based on Defendants' alleged violation of Plaintiffs' Fourteenth Amendment rights.[1]  Plaintiffs' claims arise in connection with a residential roofing repair contract Plaintiffs made with a Buffalo homeowner, one Ms. Louise Alessandra ("Ms. Alessandra"), on October 5, 2019 for work to be performed by Plaintiffs at 845 Richmond Avenue in the City of Buffalo ("845 Richmond Avenue"), Ms. Alessandra's residence ("the residence").  Plaintiffs' work, which was completed in November 2019, was provided to remediate defective roofing work on the rear part of the roof at the residence by a different unlicensed contractor who had abandoned the work.  Plaintiffs were contractors licensed by the Defendant City of Buffalo ("City").[2]  Plaintiffs allege that they agreed with Ms. Alessandra to install "OSB"[3] on the front portion of her roof with a shingle, presumably asphalt, replacement of the entire roof.  According to Plaintiffs, during Plaintiffs' work on the roof, Plaintiffs discovered that the prior contractor had installed plywood sheeting over shakewood shingles on part of the rear portion of the roof which resulting in rain leaking into Ms. Alessandra's home.  When confronted with Plaintiffs' estimate of an

---

[1]  In the First Cause of Action, the Complaint does not specify which Fourteenth Amendment rights Defendants are alleged to have violated, *i.e.*, Due Process or Equal Protection.  *See* Complaint ¶¶ 127-129.  In Plaintiffs' Fourth and Fifth Causes of Action, Complaint ¶¶ 147, 156; ¶¶ 162, 166, Plaintiffs allege procedural Due Process violations; in Plaintiffs' Sixth Cause of Action, Plaintiffs allege a substantive Due Process violation.  Complaint ¶ 175.

[2]  The record is unclear with regard to whether both Plaintiffs or one of them was licensed by the City.

[3]  "OSB" is not defined in the record.  According to the court's research, "OSB" refers to "oriented strand board" which is "an engineered wood panel that shares many of the strength and performance characteristics of plywood," and "is suitable for a variety of end uses including . . . roof sheathing . . . ." Oriented Strand Board (OSB), *available at* https://www.apawood.org/osb, *last visited* February 19, 2025.

additional cost of $3,240 to remedy this defect, Ms. Alessandra declined to authorize the additional work causing Plaintiffs to complete the roofing work by installing new shingles on both the rear and front portion of the roof, including over the plywood which the prior contractor had installed on the rear portion of the roof, as Plaintiffs' contract with Ms. Alessandra provided.  Despite new gutters installed by Plaintiffs on the residence at the owner's request, payment of $13,500 without objection from Ms. Alessandra and Plaintiff's work passing inspection by a City building inspector in December 2019, on September 21, 2020, Plaintiffs were served with a Notice of Violation of the City's Building Code based on the Ms. Alessandra's complaint asserting that Plaintiffs' work on the roof at 845 Richmond Avenue was improperly performed ("the complaint"),[4] specifically, that Plaintiffs failed to tear off the plywood and shakewood from the rear portion of the roof before installing the new shingles.  The Notice required Plaintiffs to appear at a hearing on the complaint before the City's Construction and Home Improvement Board ("the Board")[5] scheduled for October 28, 2020 ("the hearing").[6]

At the hearing, Plaintiffs were criticized by the Board for not contracting with the owner to replace the entire roof in the owner's home and refused to consider Plaintiffs' records pertaining to Plaintiffs' work.  The Board also failed to provide Plaintiffs with any

---

[4]  A copy of Ms. Alessandra's complaint is not included in the record.

[5]  The Complaint refers to the Board as the City of Buffalo Construction and Home Improvement Board (Complaint ¶¶ 9, 11, 12); Defendants refer to the Board as "the Home Improvement Advisory Board."  *See* Declaration of Robert E. Quinn, Deputy Corporation Counsel ("Quinn Declaration") (Dkt. 31) ¶ 25.  The court presumes the referenced Boards under somewhat differing names, refer to the same Board.

[6]  Defendants Zafuto, Sole, Ferrarccio, and Zappia are sued as members of the Board and in their individual capacities; Defendant Porto-Fiorella is sued as the Senior Account Clerk of the City's Department of Inspections and Licenses and in her individual capacity.  During the relevant period Defendants Zafuto and Ferrarccio also were employed as the City's Chief Building Inspector of new building construction and as a residential building inspector, respectively.  Ferrarccio was later appointed Chief Building Inspector of residential construction.  *See* Dkt. 31-8 at 27.

notice of a formal decision on the complaint and failed to give Plaintiffs any explanation regarding how to remedy the dispute.  On behalf of the Board, Defendant Zappia, who had been appointed to the Board by the City's Commissioner of Inspections and Licenses (*see* Dkt. 31-11 at 10), advised Plaintiffs following the hearing that the Board had decided that Plaintiffs' licenses to perform home repairs within the City were suspended pending Plaintiffs' reimbursement of money the owner had paid Plaintiffs for the roofing job.  Thereafter, as a result of Zappia's notification to Plaintiffs of the suspension of Plaintiffs' licenses, Plaintiffs commenced an Article 78 proceeding in state court[7] challenging Defendants' suspension of Plaintiffs' licenses based on Plaintiff's failure to financially resolve the complaint by reimbursing the owner, as required, according to Zappia, by the Board.  As a result of the Article 78 proceeding, Plaintiffs' license was formally reinstated in June 2021.  Plaintiffs allege the foregoing actions taken by the Board and City caused Plaintiffs to lose numerous new projects within the City during the period Plaintiffs' licenses were suspended.

Plaintiffs' motion, filed November 27, 2024 (Dkt. 27) ("Plaintiffs' motion"), seeks to compel Defendants provide full and complete responses to Plaintiffs' First, Second, Third and Fourth Requests for Document Production pursuant to Fed.R.Civ.P. 34(a)(1) ("Rule 34(a)(1)") ("Plaintiffs' First, Second, Third, and Fourth Set of Document Requests") and Plaintiffs' First Set of Interrogatories pursuant to Fed.R.Civ.P. 33(b)(1)(A)(B)(3), (5) ("Rule 33(b)___").  Declaration of Chad A. Davenport, Esq. (Dkt. 27-12) ("Davenport Declaration") ¶¶ 4, 5.  Plaintiffs' First Set of Document Requests, (Dkt. 27-1) at 7, and Interrogatories (Dkt. 27-7) at 19, were served October 10, 2023;

---

[7]  Pursuant to N.Y.C.P.L.R. 7800, New York State Supreme Court may nullify a state or local governmental agency's action as being arbitrary, capricious, or contrary to law.

Defendants' Responses to Plaintiffs' First Set of Document Requests and Interrogatories' answers were served November 9, 2023, (Dkt. 27-2) at 12, and (Dkt. 27-2) at 33.[8]  Plaintiffs' Second Set of Document Requests was served June 31 [*sic*], 2024 (Dkt. 27-4) at 6; Defendants' Responses thereto, (Dkt. 27-5) at 1, were served August 29, 2024 (Dkt. 27-5) at 5.[9]  Plaintiffs' Third Set of Document Requests (Dkt. 27-6) at 2, was served August  9, 2024 (Dkt. 27-6) at 7; Defendants' Responses to Plaintiffs' Third Set of Document Requests (Dkt. 27-7) at 80, were served September 9, 2024 (Dkt. 27-7) at 90.[10]  Plaintiffs' Fourth Set of Document Requests (Dkt. 27-8) at 2 was served October 14, 2024 (Dkt. 27-8) at 6.  The record does not indicate when Defendants' Responses to Plaintiffs' Fourth Set of Document Requests were served. According to Defendants, Defendants' responses to Plaintiffs' Fourth Set of Document Requests were served, *see* Quinn Declaration ¶ 7 (referencing Quinn Declaration Exhibit D) (Dkt. 31-4), however, the court's review of Exhibit D indicates Exhibit D contains only Defendants' Responses to Plaintiffs' Third Set of Document Requests. *See* (Dkt. 31-4) (*passim*).  Defendants' Responses to Plaintiffs' Fourth Set of Document Requests do not appear elsewhere in the record.  Oral argument was deemed unnecessary.

1.    Plaintiffs' First Set of Document Requests.

---

[8] Plaintiffs' initial Deficiency Letter apprising Defendants of Defendants' failure to include the requested documents as referred to in Defendants' responses was sent December 1, 2023.  Davenport Declaration (Dkt. 27-12) ¶ 5.

[9] On September 18, 2024, Plaintiffs sent Plaintiffs' second Deficiency Letter advising Defendants that Defendants' Response to Plaintiffs' Second Set of Document Requests also failed to include responsive documents.  Davenport Declaration ¶ 10.

[10] A meet and confer conference required by Fed.R.Civ.P. 37(a)(1) ("Rule 37(a)(1)") was conducted by the parties on November 1, 2024.  Davenport Declaration ¶ 13.

Plaintiffs contend Defendants have failed to properly identify and produce copies of documents responsive to Plaintiffs' First Set of Document Requests.  Plaintiffs' Memorandum of Law (Dkt. 27-13) ("Plaintiffs' Memorandum of Law") at 2.  Plaintiffs also assert Defendants failed to conduct reasonable searches for all responsive documents including audio recordings of relevant Board meetings.  *Id.* at 2, 3.  In response, Defendants maintain Defendants fully complied with Plaintiffs' requests on November 9, 2023.  Quinn Declaration ¶¶ 6, 7.  Defendants' Responses consisted of a 47-page PDF file, an MP3 audio file labelled "J-Cap Hearing," and screenshots from Defendants' "Code Enforcement Case Info/Viewer account."  *See* Plaintiffs' Memorandum of Law (Dkt. 27-13) at 3.  Plaintiff's First Set of Document Requests also requested all documents pertaining to Ms. Alessandra's complaint regarding Plaintiffs' work at 845 Richmond Avenue, the October 28, 2020 meeting of the Board concerning the complaint, copies of the Board's rules and regulations, all documents concerning suspension of Plaintiffs' contractor licenses, all documents pertaining to the City's inspections of Plaintiffs' work at 845 Richmond Avenue, and copies of all e-mails and written correspondence regarding 845 Richmond Avenue.

Defendants' responses to Plaintiffs' requests include generalized objections, including vagueness, undue burdensomeness, overbreadth, lack of relevancy, and several privileges[11] and that "Defendants are aware of the documents attached hereto."
[12]  *See, e.g.*, Defendants' Responses to Plaintiff's First Set of Document Requests at 6

---

[11]  Given Defendants' statement that the privileges were asserted "as a precaution," Quinn Declaration ¶ 55, and that no documents have been withheld by Defendants based on any asserted privileges, *id.*, the court does not address whether such privileges have any applicability.

[12]  Although Defendants' responses include a statement that responsive documents are "attached hereto," *see* (Dkt. 31-1) (Exh. A to Quinn Declaration), and Dkt. 31-3 (Exh. C to Quinn Declaration), no such documents were included with Defendants' responses to Plaintiffs' First, Second and Third Document Requests.  Davenport Declaration ¶¶ 4, 8; (Dkt. 27-7) at 3.

(Defendants' Response to Plaintiffs' Request No. 1 seeking "All Documents concerning Building Permit Number REP19-9499226, which was issued to the Plaintiffs for the repair to Ms. Alessandra's roof, and which was issued on November 14, 2019."). Plaintiffs contend that such non-specific document references fail to respond with sufficient particularity to enable Plaintiffs to reasonably discern which documents produced by Defendants are responsive to Plaintiffs' specific requests.  *See* Plaintiffs Memorandum of Law.  In Plaintiffs' September 18, 2024 Deficiency Letter, Plaintiffs argued Defendants had, to date, failed to provide responsive documents.  *See* (Dkt. 27-7) at 2.

In opposition to Plaintiffs' motion, Defendants maintain that Defendants have, in addition to the PDF files, one audio file of the October 28, 2020 Board meeting, and screenshots, also produced 107 pages of documents responsive to Plaintiffs' First, Second, Third and Fourth Document Requests.  *See* Quinn Declaration ¶ 8 ("[a]ll of these productions" constituted documents reproduced in Exh. E (Dkt. 31-5) to the Quinn Declaration that were served on Plaintiffs through a shared "drop box" file folder "with each [of the 107] pages Bates stamped.")[13]  Plaintiffs' opposition to the Quinn Declaration is based on the requirement that each document produced should be identified as responsive to each particular Plaintiffs' request citing Fed.R.Civ.P. 34(b)(2)(B).  *See* Plaintiffs' Memorandum of Law at 5.  *See also* Plaintiffs' Reply Memorandum of Law (Dkt. 35) ("Plaintiffs' Reply") at 6 (contending Defendants' document production demonstrates "systemic deficiencies" including that Defendants'

---

[13]  The record is unclear as to whether the 47 pages of PDF documents, not further described by Defendants, *see* Plaintiffs' Memorandum of Law at 3, are included in the 107 pages of documents produced in Quinn Declaration Exh. E.

production fails to "identify[ ] specific documents" responsive to each of Plaintiffs' Requests.[14]

As relevant, Fed.R.Civ.P. 34(b)(2)(E)(i) provides that '[a] party must produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the requests." ("Rule 34(b)(2)(E)(i)"). "Courts 'routinely 'require responding parties to provide documents in some kind of organized, indexed fashion rather than as a mess of undifferentiated, unlabeled documents.'"" *Laboy v. Quality Automotive Services, Inc.*, 2023 WL 10354091, at *4 (E.D.N.Y. June 20, 2023) (quoting *Rahman v. The Smith & Wollensky Rest. Grp., Inc.*, 2009 WL 773344, at *4 (S.D.N.Y. Mar. 18, 2009) (quoting *Sparton Corp. v. United States*, 77 Fed.Cl. 10, 16 (Fed.Cl. 2007))). "Accordingly, where documents produced 'were not organized and labeled to correspond to the categories specified in' the document requests in response to which the documents were produced, courts have directed the producing party to re-produce the documents, Bates-stamped, with an 'itemized list which sets forth, by [B]ates-number, the documents responsive to each of the [document] requests.'" *Id*. (quoting *Ng v. HSBC Mortg. Corp.*, 2009 WL 205048, at *3 (E.D.N.Y. Jan. 27, 2009)); *see also Mee Jin-Jo v. JPMC Specialty Mortg. LLC*, 2011 WL 1198133, at *2 (W.D.N.Y. Mar. 29, 2011) ("The plaintiff's production of documents responsive to the defendants' Notice to Produce was deficient in [that] . . . the documents were not organized and labeled to correspond to the categories specified in the Notice as required by Rule 34(b)(2)(e)(i).").

---

[14]  The court has discretion to consider arguments presented in a party's reply.  *See Am. Hotel Int'l Grp., Inc. v. OneBeacon Ins. Co.*, 611 F. Supp. 2d 373, 375 (S.D.N.Y. 2009) ("[T]he Second Circuit has made it abundantly clear that a district court has *discretion* to consider a belatedly-raised argument [in reply]" (emphasis original)), *aff'd*, 374 Fed.Appx. 71 (2d Cir. 2010).

Here, the court finds that Defendants' production in response to Plaintiffs' First Document Requests as provided by Defendants' 47 page PDF file, an MP3 audio file, screenshots and the 107 pages of documents referenced in Quinn Declaration Exh. E, fail to particularize to which of Plaintiff's 18 requests any of the documents produced, as stated in Plaintiffs' First Set of Document Requests, is responsive to each request as Rule 34(b)(2)(E)(i) requires.  Defendants' general objections are ineffective because they fail to provide specific support for Defendants' assertions of vagueness, undue burdensomeness and overbreadth.  *See Guillory v. Skelly*, 2014 WL 4542468, at *8 (W.D.N.Y. Sept. 11, 2014) (the party objecting to discovery requests "must show, specifically, how, despite broad and liberal construction of discovery rules, each request is not relevant, or is overly broad, burdensome, or oppressive") (citing *US Bank National Association v. PHL Variable Insurance Co.,* 288 F.R.D. 282, 285 (S.D.N.Y. 2012) (citing Fed.R.Civ.P. 26(b)(2)(C))).  Defendants' generalized objections based on the assertion that Plaintiff's requests are vague, unduly burdensome and overbroad are therefore OVERRULED.

Defendants' objection to Plaintiffs' Request No. 3 of Plaintiffs' First Set of Document Requests requesting copies of eight City Building Inspection records is predicated on overbreadth, undue burdensomeness and that it "is not likely to result in the production of admissible evidence" ("Plaintiffs' Request No. 3").  *See* (Dkt. 27-2) at 7.  Although, as discussed, *supra*, Defendants' opposition to Plaintiffs' motion does not explain the basis of Defendants' generalized overbreadth and undue burdensomeness objections thus requiring such objections be overruled, Plaintiffs fail to address Defendants' objection because the request "is not likely to result in the production of

admissible evidence."  *See* Plaintiffs' Memorandum of Law at 15 (arguing Defendants' objections based on undue burdensomeness and overbreadth lack necessary specifics in support).  The court therefore finds that Plaintiffs have failed to satisfy Plaintiffs' burden to establish the request seeks relevant information under Fed.R.Civ.P. 26(b)(1) ("Rule 26(b)(1)").  *See Lightsquared Inc. v. Deere & Company*, 2015 WL 8675377, at *5 (S.D.N.Y. Dec. 10, 2015) (citing *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co*., 297 F.R.D. 99, 107 (S.D.N.Y. 2013) (party seeking to compel document production has burden of establishing the documents are relevant to the party's claim or defense).

Here, Plaintiffs argue in opposition to Defendants' objection to Plaintiffs' Request No. 3 that such request "is not likely to result in the production of admissible evidence," *see* Defendants' Response to Plaintiffs' First Set of Document Requests (Dkt. 27-7) at 26-27, states an "outdated" standard, *see* Plaintiffs' Memorandum of Law at 15 thereby referencing Rule 26(b)(1) prior to its amendment in 2015.  Specifically, prior to 2015, Rule 26(b)(1) permitted parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Rule 26(b)(1).  Further, the Rule did not require that relevant information "be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  In 2015, Rule 26(b)(1) was amended to provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . .."

Although Defendants did not specifically object to Plaintiffs' Request No. 3 that the requested records are not "relevant," because the breadth of relevant information is broader under revised Rule 25(b)(1) than what may lead to admissible evidence, Defendants' objection that the requested records "are not likely to lead to admissible evidence" can only be understood as asserting that the requested records seek information irrelevant to Plaintiffs' claims. *See Matalavage v. Sheriff of Niagara County*, 2023 WL 2043865, at * 2 (W.D.N.Y. Feb. 16, 2023) ("'Material is relevant for Rule 26(b)(1) discovery purposes if it bears on or is germane to any issue in the case or that may become an issue, but such material need not be admissible as evidence to be subject to discovery as provided in Rule 26(b)(1).'" (quoting *Thuman v. Dembski*, 2022 WL 1197551, at *5 (W.D.N.Y. Apr. 22, 2022) (further internal quotation omitted))). Accordingly, it logically follows that Defendants' reliance on a provision of Rule 26(b)(1) prior to its amendment in 2015 does not lead to the conclusion that Defendants have not challenged the relevancy of the records requested by Plaintiffs' Request No. 3, thus requiring Plaintiffs to establish the records sought by Plaintiffs' Request No. 3 are relevant to Plaintiffs' claims. Plaintiffs have therefore failed to establish Plaintiffs' Request No. 3 requests relevant information as is Plaintiffs' burden. *See Lightsquared Inc.*, 2015 WL 8675377, at *5. Accordingly, Plaintiffs' failure to rebut Defendants' relevance objection requires that Plaintiffs' motion be DENIED with respect to Plaintiffs' Request No. 3 of Plaintiffs' First Set of Document Requests. Accordingly, Defendants shall serve <u>within 30 days</u> of this Decision and Order all documents responsive to Plaintiff's First Set of Document Requests, except for Plaintiffs' Request No. 3, in accordance with Rule 34(b)(2)(E)(i) and the foregoing discussion.

11

(2)    <u>Plaintiffs' Second, Third and Fourth Set of Document Requests</u>.

Plaintiffs' Second Set of Document Requests include four requests for decisions by the Board regarding Plaintiffs (Request No. 1), concerning unlicensed contractors that contracted with the owner of 845 Richmond Avenue before January 1, 2020 (Request No. 2), for any roof inspections performed by the City at that address before November 1, 2019 (Request No. 3), and all documents listing all contractors which had their City licenses revoked or suspended during 2019 and 2020 (Request No. 4)  *See* (Dkt. 27-4) at 5-6.  With respect to Plaintiffs' first three requests, Defendants responded by referring Plaintiffs to Defendants' earlier responses, *e.g.*, Defendants' Response to Request No. 1 ("Defendants are aware of [  ] previously provided documents") (Dkt. 27-5) at 4-5, presumably the 47 pages of PDF files, the audio file, screenshots and the 107 pages of documents provided by Defendants in Quinn Declaration Exh. E (Dkt. 31-5); with respect to Request No. 4, Defendants state Defendants are not in possession of such a "list" of other contractors sanctioned by the Board.  Defendants' Responses to Plaintiffs' Second Set of Requests for Production (Dkt. 27-5) at 5.

Plaintiffs' Third Set of Document Requests, (Dkt. 27-7) at 72, propounded 20 requests for requested documents pertaining, *inter alia,* to records of New York State Code changes allowing for only two layers of roofing, correspondence and records relating to appointments to the Board, the identity of Board members serving between 2019 and 2021, documents regarding any complaints against Plaintiffs, the Defendants' file on 845 Richmond Avenue as of October 28, 2020, audio recordings of the Board's hearings with respect to the complaint against Plaintiffs concerning 845 Richmond Avenue including a Board hearing at which the Board requested Ms. Alessandra to

obtain three estimates for repairing the roof at 845 Richmond Avenue, and all records concerning the suspension and restoration of Plaintiffs' licenses.  *See* (Dkt. 27-7) at 75-77 ¶¶ 1, 2, 6, 10, 13, 15, 18, 19.

In response to Requests Nos. 1 and 2, Defendants informed Plaintiffs that Defendants were "aware" of the New York State Property Maintenance Code, the International Maintenance Code, and the City of Buffalo Charter and Code, "[w]hich may be responsive to these demands," *see* (Dkt. 27-7) at 83-84, but Defendants did not serve copies of such documents.  *See* (Dkt. 31-5) (*passim*).  In response to Requests Nos. 3, 4, 5, 9, 14, and 16, Defendants stated that Defendants are "not aware" of any responsive documents.  *See* (Dkt. 27-7) at 85-86, 88.  Such responses are deficient under Rule 34(a)(1) as they fail to indicate whether Defendants' responses are based on a reasonable search for any responsive documents in Defendants' possession or control.  *See Finkelstein v. Bical,* 2023 WL 9119575, at *2 (E.D.N.Y. Dec. 14, 2023) (that the requested party is required by Rule 34(a)(1) to conduct a reasonable search for all responsive documents renders party's assertion that it is "not aware" of responsive documents a "patently frivolous basis" for responding to a Rule 34 document request); *see also Howard v. City of Rochester*, ___ F.Supp.3d ___; 2024 WL 4884216, at *3 n. 4 (W.D.N.Y. Nov. 25, 2024) (defendant's "cursory" responses pertaining to defendant's efforts to obtain documents responsive to plaintiff's requests for production were unacceptable).  In Defendants' responses to Plaintiffs' other requests, *i.e.*, Nos. 6-8, 10-13, 15, 17, 18-20, Defendants stated Plaintiffs are referred to Defendants' prior document responses, presumably the documents provided in PDF and those produced in Quinn Declaration Exh. E.  *See* (Dkt. 27-7) at 84-90.  Such responses are deficient

for the same reasons discussed above in relation to Plaintiffs' First Set of Document Requests.  *See, supra,* at 8-9.  Accordingly, Defendants shall <u>within</u> <u>30</u> <u>days</u> of this Decision and Order serve Plaintiffs with responses to Plaintiffs' Second and Third Document Requests specifically identifying to which of Plaintiffs' requests the documents produced by Defendants are responsive.

In Plaintiffs' Fourth Set of Document Requests, (Dkt. 27-8) at 5-6, Plaintiffs requested all recordings and records regarding the reasons and decision-making process for any discipline of Plaintiffs' work at 845 Richmond Avenue, all recordings and records relating to the Board's vote on whether to send three estimates of the cost for remedial work on the roof at the residence, documents and records pertaining to Inspector White's apprenticeship program, any "Infor records," an undefined term, relating to inspections at the residence, and any handwritten notes by Inspector White during her inspections at 845 Richmond Avenue.  As noted, *supra,* at 5, the record does not include Defendants' responses to Plaintiffs' Fourth Set of Document Requests.  The court is therefore unable to address whether Defendants' responses to Plaintiffs' Fourth Set of Document Requests are deficient as Plaintiffs contend. [15]

Additionally, the court finds no merit to Defendants' argument that all responsive documents have been produced based on Defendants' assertion that depositions of Defendants and Defendants' witnesses have been conducted by Plaintiffs.  *See* Quinn Declaration ¶¶ 11, 12-21 (referencing depositions of each Defendant and four non-parties).  Depositions pursuant to Rule 30(a) are not the equivalent of Rule 34 document requests and Plaintiffs do not waive Plaintiffs' right to pursue Rule 34(a)(1)

---

[15]  Plaintiffs may, <u>within</u> <u>20 days</u>, file an additional motion directed to Defendants Responses to Plaintiffs' Fourth Set of Document Requests which shall be included in such motion.

requests by engaging in deposition practice.  *See* Fed.R.Civ.P. 26(d)(3) (parties may engage in any sequence in the use of methods of discovery unless otherwise directed by stipulation or court order); *see also Orens v. Amherst Police Dep't*, 2023 WL 7210347, at *1 (W.D.N.Y. Nov. 2, 2023) ("absent a stipulation or court order to the contrary, methods of discovery may be used by any party in any sequence" (citing Fed.R.Civ.P. 26(d)(3)); *Arroyo v. City of Buffalo*, 2018 WL 5262462, at *2 (W.D.N.Y. Oct. 23, 2018) (ordering the defendants to disclose documents the plaintiff requested because a review of the defendants' deposition testimony indicated plaintiff "was unable to elicit any testimony which could serve as an evidentiary substitute . . . for the relevant information contained in the documents").  Here, while asserting Plaintiffs conducted depositions of Defendants and four non-parties, *see* Quinn Declaration ¶¶ 12-21, Defendants do not provide any basis to find that the deposition testimony of Defendants and the non-parties serves as an evidentiary substitute for relevant information contained in the requested documents at issue.  *Arroyo*, 2018 WL 5262462, at *2. Accordingly, Defendants shall, within 30 days of this Decision and Order, following a further search of all available records for any documents requested by Plaintiffs' First, Second, and Third Document Requests, provide an affidavit by a person or persons who conducted such searches, describing in reasonable detail how such search or searches were conducted and the locations of all potential responsive documents searched.  *See Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 2022 WL 109352, at *2 (W.D.N.Y. Jan. 12, 2022) ("If Plaintiff's response asserts Plaintiff does not have possession, custody, or control of responsive documents, Plaintiff's response shall also include an affidavit describing, with reasonable particularity, all locations of potentially

responsive documents in fact searched by Plaintiff.") (citing *Wilson v. Town of Cheektowaga*, 2021 WL 195348, at *3 (W.D.N.Y. Jan. 20, 2021) (under Rule 34(a), a requested party must engage in a reasonably diligent search for all responsive documents); and *In re Terrorist Attacks on September 11, 2001*, 2018 WL 3387494, at *6 (S.D.N.Y. July 11, 2018) (court has discretion to require that responding party describe party's search efforts for responsive documents)).  Such affidavit or affidavits shall also state as a fact whether all responsive documents located have been produced.  *See Lutes v. Kawasaki Motors Corp., USA,* 2014 WL 7185469, at *1 (D.Conn. Dec. 16, 2014) (requiring a statement attesting as a factual matter that all responsive documents have been produced) (citing *Napolitano v. Synthes USA, LLC,* 297 F.R.D. 194, 200 (D. Conn 2014) and *Rayman v. Am. Charter Fed. Savings & Loan Ass'n,* 148 F.R.D. 647, 651 (D.Neb.1993) (citing Fed.R.Civ.P. 34 advisory committee's note to 1970 amendment).

3.    <u>Audio Recordings</u>.

As to Plaintiffs initial request for audio recordings, Plaintiffs' Second Set of Document Requests requests all documents and audio recordings of Board "decisions regarding" Plaintiffs.  (Dkt. 27-4) at 5 (Request No. 1).  In Plaintiffs' Third Set of Document Requests, Plaintiffs requested any recordings regarding Plaintiffs' work at an unrelated local residence (Dkt. 27-6) at ¶ 9 ("Request No. 9"), the selection of Robert Kendall as the City Building Inspector assigned to inspect Plaintiff's work at 845 Richmond Avenue, *id.* ¶ 11 ("Request No. 11"), any recordings of Board meetings prior to the October 28, 2020 Board meeting alleged in the Complaint, *id.* at ¶ 13 ("Request No. 13"), the Board's decision to change Board notices to licensed contractors from

"will" to "may" suspend a contractor's license, *id.* ¶ 14 ("Request No. 14"), all Board meetings at which the Board voted on Ms. Alessandra's complaint, *id.*, ¶ 15 ("Request No. 15"), the Board meeting at which the Board discussed complaints where the owner's refusal to allow the contractor back on the property caused the Board to request the owner to provide three estimates for remedial work, *id.* ¶ 17 ("Request No. 17"), the Board meeting at which the Board determined to request Ms. Alessandra obtain three estimates for remedial work at 845 Richmond Avenue rather than require Plaintiffs to reimburse Ms. Alessandra for Plaintiffs' work, *id.* at ¶ 18 ("Request No. 18"), the Board hearing regarding restoration of Plaintiffs' licenses, *id.* ¶ 19 ("Request No. 19"), the Board hearing at which the Board discussed that if Ms. Alessandra failed to provide three estimates, the case would become a "legal matter." *Id.* ¶ 20.

In response to Plaintiffs' Second Document Request No. 1, Defendants state that Defendants were "aware of" responsive materials which Defendants had previously provided to Plaintiffs, presumably a copy of an audio recording of the October 22, 2020 Board meeting which Defendants provided to Plaintiffs in response to Plaintiffs' First Set of Document Requests. *See* (Dkt. 27-7) at 68. In response to Plaintiffs' Third Document Requests Nos. 9 and 14, Defendants stated Defendants "were not aware of any responsive documents." *See* (Dkt. 27-7) at 86, 87-88. In response to Plaintiffs' Third Document Requests Nos. 11, 13, 15, 17 and 18-20, Defendants stated Defendants "were aware of the materials previously produced" to Plaintiffs, presumably a copy of an audio recording of the October 22, 2020 Board meeting. *See* (Dkt. 27-7) at 87-90.[16]

---

[16] Although Plaintiffs' list of unsatisfied requests includes audio recordings of the Board meeting at which the Board reviewed the Inspection Report of 845 Richmond Avenue made by Inspector Kendall, *see*

Plaintiffs contend that Zafuto's deposition supports Plaintiffs' assertion that additional recordings of the seven Board meetings requested by in Plaintiffs' Third Document Request are likely to exist but that Defendants have failed to conduct an adequate search for such recordings.  Plaintiffs' Memorandum of Law at 3-4, 9 (quoting Zafuto's Deposition Testimony) (Dkt. 27-11) at 1-26; *see also* Plaintiffs' Summary of Zafuto's Deposition Testimony (Dkt. 27-10) at 1-2.  In Defendants' response, Defendants maintain Defendants have diligently searched for any such additional recordings and none have been located.  Quinn Declaration (Dkt. 31) ¶¶ 25, 29-30.  In this regard, Quinn specifically avers that as a result of personally consulting with "appropriate record keepers," he ascertained that no other recordings of any Board meeting or action relating to Plaintiffs exist.  (Dkt. 31) ¶ 31.  In response, Plaintiffs rely on Zafuto's deposition testimony in which Zafuto stated his belief that such additional recordings should exist, Plaintiffs' Reply Memorandum of Law at 4, and that Defendants failed to utilize Defendants' HANSEN (Infor) Records System.  *Id.* at 5.

Based on these circumstances, given the potential evidentiary value of such putative recordings to Plaintiffs' case, the court, in its discretion, *see United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000) (motions to compel are "entrusted to the sound discretion of the district court"), *cert. denied*, 531 U.S. 1015 (2000), directs Defendants provide Plaintiffs with an affidavit, <u>within  30 days</u> of this Decision and Order, by the "appropriate record keepers" as specifically mentioned in Quinn's Declaration, *see* Quinn Declaration ¶ 31, attesting to what records were searched by each record keeper in support of Quinn's averment that no additional audio recordings

---

Plaintiffs' Memorandum of Law at 3, 9, based on the court's perusal of the requests, no such request was included in any of Plaintiffs' document requests.

responsive to Plaintiffs' requests, as stated in Plaintiffs' Second and Third Document Requests as discussed above, exist. *See Miller v. Midpoint Resolution Grp., LLC*, 2009 WL 2001329, at *2 (E.D.N.Y. July 7, 2009) (requiring affidavit of person with first-hand knowledge of the relevant circumstances regarding the existence or non-existence of requested audio recording explaining that the tape never existed, the tape existed at one point but no longer exists and the circumstances surrounding its putative loss or destruction). In this connection, the court notes Plaintiffs assert that Defendants failed to search several potential sources of responsive documents including audio recordings. *See* Plaintiffs' Memorandum of Law at 10. Plaintiffs particularly contend Defendants' "HANSEN system" would be such a productive source for such documents and recordings. *See* Plaintiffs' Third Set of Document Requests ¶ 10. However, as no description of such HANSEN system is provided in the record, the court does not further address Plaintiffs' contention in this regard.

Plaintiffs also assert that in support of Plaintiffs' "equal protection claims," Plaintiffs requested "records of other contractor license suspensions in 2019-2020, documents showing how other contractor complaints were handled, records showing whether other contractors were required to obtain three estimates, [and] documentation of other cases where contractors were publicly criticized by the board." *See* Plaintiffs' Memorandum of Law at 14 ("Plaintiffs' Equal Protection Claims Request"). Defendants responded to Plaintiffs' assertions by arguing that Plaintiffs' Equal Protection Claims Request were not discussed at the November 1, 2024 meet and confer meeting, as required by Rule 37(a)(1), and therefore is not before the court on Plaintiffs' motion. *See* Quinn Declaration ¶ 42. Several factors require Plaintiffs' Equal Protection Claims

Request be denied.  First, a plain review of Plaintiffs' motion reveals that none of Plaintiffs' document requests include any request for documents pertaining to any of the four categories of document requests presented in Plaintiffs' Memorandum of Law.  *See* Plaintiffs' First Set of Document Requests (Dkt. 27-1) at 4-7; Plaintiffs' Second Set of Document Requests (Dkt. 27-4) at 5-6; Plaintiffs' Third Set of Document Requests (Dkt. 27-6) at 5-7; Plaintiffs' Fourth Set of Document Requests (Dkt. 27-8) at 5-6.  Although Plaintiffs' Second Document Request No. 4, (*see* Dkt. 27-4) at 6, requested Defendants provide "all documents that list all contractors" who were subject to a license suspension or revocation in 2019 and 2020, such request does not include any reference to Plaintiffs' Equal Protection Claims Request as stated in Plaintiffs' Memorandum of Law. *See supra*.  In Defendants' Response to Plaintiffs' Request No. 4, Defendants stated Defendants were not in possession of such a "list".  *See* (Dkt. 27-5) at 5.  As such, none of the four requests stated in Plaintiffs' Equal Protection Claims Request can be considered on Plaintiffs' motion.  *See Santiago v. City of New York*, 2024 WL 4354878, at *9 (S.D.N.Y. Sept. 28, 2024) (court will not consider party's assertion of a new claim in party's memorandum of law).  Second, a careful perusal of Plaintiffs' Reply (*passim*), fails to indicate any rebuttal to Defendants' contention in opposition to this request based on Plaintiffs' failure to discuss the issue at a Rule 37(a)(1) meet and confer, as Defendants maintain, thus conceding that such issue was not discussed at the November 1, 2024 meet and confer and Plaintiffs do not contend any discussion of the issue would have been futile.  Third, Plaintiffs' assertion in Plaintiffs' Reply that such requests were effected "over a year ago," *see* Plaintiffs' Reply at 4 (referencing Dkt. 31-2 at 18-19), also does not support Plaintiffs' inclusion of the

four document requests concerning Plaintiff's Equal Protection Claims Request in Plaintiffs' Memorandum of Law.  Specifically, Dkt. 31-2 at 18-19 consists of interrogatories Nos. 16 and 17, served as part of Plaintiffs' First Set of Interrogatories, which request Defendants identify the number of contractor licenses revoked or suspended by the Board in 2019-2020.  It is basic that an interrogatory pursuant to Rule 33 cannot request documents subject to a Rule 34(a) request.   *See American S.S. Owners Mut. Protection and Indem. Ass'n, Inc. v. Alcoa S.S. Co., Inc.*, 2006 WL 278131, at *3 (S.D.N.Y. Feb. 2, 2006) (use of interrogatories cannot substitute for Rule 34(a) document demands).  Therefore, neither Interrogatory requests any documents such as those Plaintiffs now request in support of Plaintiffs' Equal Protection Claims request in Plaintiffs' Memorandum of Law nor could they.  Accordingly, based on the foregoing analysis with regard to these improper document requests, Plaintiffs' motion is DENIED.

(4)    <u>Plaintiffs' First Set of Interrogatories</u>.

Plaintiffs contend that Defendants have failed to properly answer and provide proper verified answers to Plaintiffs' First Set of Interrogatories.  Plaintiffs' Memorandum of Law at 6-7.  Specifically, Plaintiffs argue that instead of providing fully responsive statements in declaratory sentences, Defendants make repeated references to previously produced documents.  *Id.* at 7 (citing *Mills v. Steuben Foods, Inc.*, 2023 WL 179579, at *2 (W.D.N.Y. Jan. 13, 2023) (improper to answer interrogatory by reference to documents produced without particularizing which document provided an answer to the interrogatory is an insufficient response under Fed.R.Civ.P. 33(b)(3)); *Richard v. Digean*, 332 F.R.D. 450, 459 (W.D.N.Y. 2019) ("In order to ensure that each is

21

answered 'separately' and 'fully,' the responding party is required to make an inquiry

and obtain information to answer the interrogatories which would include obtaining the

information to <u>fully</u> and completely answer the interrogatories." (internal citations and

quotation marks omitted) (underlining added)).  The only document production provided

by Defendants in response to Plaintiffs' First Set of Interrogatories is that referenced in

Quinn Declaration Exh. E consisting of 107 pages of undifferentiated documents.  *See*

Quinn Declaration ¶ 8.  As such, Defendants' answers to Plaintiffs' First Set of

Interrogatories are insufficient.  *See Mills*, 2023 WL 179579, at *2.  Plaintiffs further

contend that Defendants have, to date, failed to provide verified answers to Plaintiffs'

interrogatories as required by Rule 33(b)(3) (each interrogatory to the extent not

objected to is required to be answered separately and fully under oath). Here,

Defendants' general objections to Plaintiffs' First Set of Interrogatories are based on

assertions of non-specific objections of vagueness, undue burdensomeness and

overbreadth, *see* (Dkt. 27-7) ¶ 4, and, as such, are insufficient.  *See Compagnie*

*Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.,* 105

F.R.D. 16, 42 (S.D.N.Y.1984) ("Defendant cannot evade its discovery responsibilities by

'simply inton[ing] this familiar litany' that the interrogatories are burdensome, oppressive

or overly broad." (quoting *Roseberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296

(E.D.Pa. 1980)) (bracketed material in *Compagnie Francaise d'Assurance Pour le*

*Commerce Exterieur*)).  As such, Defendants' objections to Plaintiffs' interrogatories are

OVERRULED.  Furthermore, "[a]nswers to interrogatories that incorporate other

documents by reference are strongly disfavored."  *Matalavage,* 2023 WL 2043865, at *8

(citing *Trueman v. New York State Canal Corp.*, 2010 WL 681341, *3 (N.D.N.Y. Feb.

24, 2010). Rather, as required by Rule 33(b)(1)(A) and (3), interrogatories must be specifically answered in a form that may be used at trial by the party to whom they are directed and signed by the party under oath. *See Matalavage*, 2023 WL 2043865, at *8 (citing *In re Savitt/Adler Litig.,* 176 F.R.D. 44, 49-50 (N.D.N.Y. 1997)). The court also notes Defendants object to Plaintiffs' inclusion of the inadequacy of Defendants' answers to Plaintiffs' First Set of Interrogatories asserting this issue was not discussed at the November 1, 2024 meet and confer and therefore under Rule 37(a)(1) is not properly before the court. *See* Quinn Declaration ¶ 50. However, according to the record, this issue was raised with Defendants in Plaintiffs' September 18, 2024 Deficiency Letter, *see* (Dkt. 27-7) at 2. As well, Plaintiffs correctly contend that Plaintiffs requested proper Interrogatory answers from Defendants for "months." *See* Plaintiffs' Reply (Dkt. 35) at 3. As such, the court finds Plaintiffs have substantially complied with Rule 37(a)(1) with respect to this issue. And Defendants' objection of this ground is therefore OVERRULED. *See Ergas v. Eastpoint Recovery Grp., Inc.*, 2021 WL 1711321, at *6 (W.D.N.Y. Apr. 30, 2021) (finding the defendant's efforts, "while somewhat abbreviated nevertheless substantially complied with the prerequisites to motions to compel in accordance with Rule 37(a)(1)") (citing *Apex Oil Co. v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1019-20 (2d Cir. 1988) (court has discretion determine whether Rule 37(a)(1)'s meet and confer requirement has been complied with))); *see also United States v. Acquest Transit LLC*, 319 F.R.D. 83, 89 (W.D.N.Y. 2017) (declining to dismiss the defendant's motion to compel where the defendants argued that prior to filing the motion, the defendants substantially complied with Rule 37(a)(1)'s meet and confer requirement). Accordingly, Defendants shall, within 30 days

of this Decision and Order, serve Plaintiffs with verified amended answers to Plaintiffs'

First Set of Interrogatories in full compliance with Rule 33(b)(1)(A) and (3) consistent

with the above discussion.

**CONCLUSION**

Based on the foregoing, Plaintiffs' motion (Dkt. 27) is GRANTED in part and

DENIED in part as to Plaintiffs' First Document Request, Plaintiffs' Request No. 3, and

Plaintiffs' requests, as stated in Plaintiffs' Memorandum, directed to Plaintiffs' Equal

Protection Claims Request.  As required by Fed.R.Civ.P. 37(a)(5)(A), Defendants shall,

within 20 days of this Decision and Order, show cause why Plaintiffs' expenses incurred

in connection with Plaintiffs' motion, including reasonable attorneys fees, should not be

awarded to Plaintiffs; Plaintiffs' response shall be filed within 10 days thereafter;

Defendants' reply, if any, shall be filed within 5 days.  Plaintiffs shall show cause, within

20 days, as required by Fed.R.Civ.P. 37(a)(5)(B), why Defendants expenses, including

reasonable attorneys fees, incurred in successfully opposing Plaintiffs' motion with

respect to Plaintiffs' Request No. 3, and Plaintiffs' Equal Protection Claims Request

document requests should not be award to Defendants; Defendants' response shall be

served within 10 days thereafter; Plaintiffs' reply, if any, shall be filed within 5 days.

Oral argument shall be at the court's discretion.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  March 6, 2025
Buffalo, New York